```
LAW OFFICE OF DAVID A. MILLER
David A. Miller, Esq. #140805
555 West Beech Street, Ste. 413
San Diego, CA 92101
Tel. (619) 238-8015
Fax (619) 238-1447
Email. DMiller@lodamsd.com
Attorney for Plaintiff
```

FILED
2010 APR -6 PM 2: 46
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUADALUPE ROCIO VEGA,<br>Plaintiff,<br>V.<br>DRS TECHNOLOGIES, INC.,<br>JAY GRIM, individually,<br>and DOES 1 through 50,<br>Defendants. | Case No. '10 CV 0720 LAB   POR<br><br>**COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL**<br><br>1. Wrongful Termination in Violation of Public Policy<br>2. Discrimination Based on Gender and National Origin<br>3. Retaliation<br>4. Sexual Harassment<br>5. National Origin Harassment<br>6. Assault and Battery |

Plaintiff asserts the following acts and violation of The Civil Rights Act of 1964.

### THE PARTIES

1. Plaintiff, Guadalupe Rocio Vega, hereinafter referred to as "plaintiff", or "Vega", is, and at all times relevant except for time spent in Iraq, was, a resident of, and employed within, San Diego County and within the jurisdiction of the court. Plaintiff was employed by the defendant business entity named and sued herein. Plaintiff is a Hispanic female.

2. Defendant, DRS Technologies, Inc., hereinafter referred to as "DRS" or "defendant", is, and at all times relevant was, a business organization of unknown organizational form and soliciting employees from San Diego County for employment and was the employer of the plaintiff.

3. Defendant, Jay Grim, hereinafter referred to as "Grim" or "defendant", is, and at all times relevant was, a managerial level employee of DRS and actively aided and abetted defendant

1

Complaint for Damages

DRS's violations of Title VII.  Grim was the Department Manager and managed about 16 employees, including the plaintiff.

4. Plaintiffs are unaware of the true names and capacities of Defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiffs will seek leave of this Court to amend this Complaint to allege the true names and capacities when ascertained. Plaintiffs are informed and believe and thereon alleges that each said fictitiously named Defendant is responsible in some manner for the occurrences herein alleged, and is liable to Plaintiffs for the injuries and damages as herein alleged.

5. Plaintiffs are informed and believes and thereon alleges that the aforementioned DOES are somehow responsible for the acts alleged herein as the agents, employers, representatives, subsidiaries, parent organizations or employees of other named Defendants, and in doing the acts alleged herein were acting within the scope of their agency, employment or representative capacity of said named Defendants, or of each other.

6. In the course of the acts and events described in this Complaint, the Defendants, including DOE Defendants, agreed upon or ratified the acts which damaged Plaintiffs.

7. At the times mentioned in this Complaint, each of the Defendants was an agent or employee of his/her Co-Defendants and in doing the things alleged in this Complaint, was acting within the course, scope and authority of said relationship with the permission and consent of his/her Co-Defendants, except where specifically alleged otherwise.

8. The tortious acts and omissions alleged herein were performed by management level employees of DRS, and said acts were committed, authorized, encouraged or ratified by upper level managerial employees of the business, so as to render said business organization liable for punitive damages herein.  The employer further demonstrated their willingness to encourage, authorize and ratify the illegal conduct of their employees and managers by wilfully failing and refusing to conform their business practices to the legal requirements for maintaining a workplace free from discrimination, harassment or retaliation.

///

///

## JURISDICTION AND VENUE

9. Plaintiff was, and still is, subject to and within the jurisdiction of the Court. All of plaintiff's damages were incurred in San Diego County, California with the exception of initial damages incurred in Baghdad, Iraq. Plaintiff entered into a firm agreement and contract for employment in Baghdad, Iraq with DRS. Plaintiff was never employed nor ever performed any work for DRS in any place other than Iraq or San Diego, California.

9. This Court has both subject matter jurisdiction and personal jurisdiction over these claims and parties pursuant to 42 USC §2000-e 5 (f) (3).

10. Venue is proper because the illegal practices occurred in the judicial district of San Diego, California. Vega suffered a retaliatory wrongful termination while she was a DRS employee in San Diego, California. Vega was discriminated against on the basis of her gender, national origin and because of her sexual harassment complaint all in San Diego, California. Nearly all damages were incurred in San Diego, California. Vega was unlawfully terminated in San Diego, California. Vega's compensatory damages were incurred in San Diego, California, and the majority of illegal acts complained of occurred within this venue.

## DAMAGES

11. The amount of plaintiff's damages and amounts in controversy greatly exceed $75,000.

## FACTS

12. Plaintiff was employed by DRS as a Senior Systems Engineer to perform work in Baghdad, Iraq. Plaintiff was interviewed in Iraq and entered into an agreement with DRS while she was in Iraq.

13. Plaintiff reported to her Manager, defendant Grim. Grim repeatedly, for about one month, subjected Vega to a hostile work environment by swearing loudly, calling her a "cunt" and a "fucking bitch." Grim repeatedly used the derogatory terms "fucking cunts" and "bitches" toward other female employees, saying these derogatory terms in Vega's presence.

14. Plaintiff's national origin is Mexican. Grim repeatedly made derogatory comments about Mexicans and that he had no problem shooting them. Grim made comments about "fucking illegals" and used other Spanish vulgar words and criticized the Spanish language. Grim stated her

would use the Spanish word "puta" in reference to Vega.  Grim further made comments about "fucking Mexican immigrants" and the rape of a girl by a Mexican.  Grim mocked the Spanish language in Vega's presence.

15. Plaintiff made several complaints about Grim's offensive behavior to other DRS supervisors, managers and Human Resources.  At all times Grim's behavior was offensive and unwelcome to the plaintiff.

16. In retaliation for her complaints, Grim called Vega a "Cunt" and told her "I'm tired of your shit.  Grim retaliated further by talking more about shooting Mexicans and unfairly criticized Vega's work.  Grim suddenly grabbed Vega as she left a bathroom.  Grim tried to grab Vega's body but Vega defended herself and he was only able to grab her arm.  Vega broke free and ran.

17. Plaintiff complained about the assault and Grim's retaliatory behavior to DRS's Human Resources.

18. Plaintiff suffered severe emotional distress and was quickly flown to San Diego, California.

19. While plaintiff was still a DRS employee, and on emergency medical leave, DRS made unreasonable demands to meet with her.  DRS failed to conduct a reasonable investigation into her claims of a hostile work environment, assault and retaliation.  Plaintiff's health had deteriorated and she was unable to meet with DRS on the strict deadlines DRS unfairly imposed.

20. On June 16, 2008, DRS terminated Vega's employment while she was being treated in San Diego, California.

21. Plaintiff was terminated in retaliation for making complaints about sexual and racial harassment, and for making complaints about the retaliation.

22. Although defendant may have had in effect a written policy prohibiting harassment, retaliation and discrimination, in truth the illegal conduct of defendant and others employed by defendants have been part of a set of pervasive, implied and express oral policy encouraging harassment, retaliation and discrimination.  The essential illegal corporate policies of defendant are complained of herein.

///

23. Throughout Plaintiff's employment, defendants allowed, permitted and encouraged harassment, retaliation and discrimination of Plaintiff. Plaintiff's repeated protests were routinely ignored.

24. Defendants had a corporate policy that encouraged, promoted, permitted and allowed harassment, retaliation, discrimination and sexual inequality by:

   a. failing and refusing to fully, promptly, thoroughly and effectively investigate claims of harassment, retaliation and discrimination;

   b. failing and refusing to take immediate appropriate corrective action against perpetrators of unlawful harassment, retaliation and discrimination;

   c. management personnel setting a constant example and management style of harassment and demeaning conduct toward plaintiff;

   d. retaliating against plaintiff for the complaint of harassment, retaliation and discrimination;

   e. failing to comply with their legal requirements under California law to prevent harassment, retaliation and discrimination;

   f. failing to adequately educate, train or supervise management level and supervising level employees regarding harassment, retaliation and discrimination;

   g. failing to adequately monitor the workplace to determine whether illegal conduct such as harassment, retaliation and discrimination was occurring; and

25. Plaintiff frequently voiced protests over the harassment. However, as a result of plaintiff asserting the legal right to harassment, retaliation and discrimination free employment, plaintiff was terminated on a shallow pretext on June 16, 2008.

26. The unlawful acts and omissions of defendants alleged herein created an oppressive, offensive, abusive and hostile work environment of an extreme degree.

27. Plaintiff has filed a charge of discrimination and harassment with the California Department of Fair Employment and Housing ("DFEH") and with the United States Equal Employment Opportunity Commission and has received a "right-to-sue" letter entitling the plaintiff to bring a private civil action against defendants pursuant to Title VII of the Civil Rights Act of 1964,

42 USC §2000e et seq.

28. As a result of defendants' misconduct as alleged above, plaintiff has suffered emotional and mental distress and lost wages and benefits all to the plaintiff's detriment in an amount to be proven at trial. Plaintiff will seek punitive damages, and attorneys fees and costs pursuant to Title VII of the Civil Rights Act of 1964, 42 USC §2000e et seq.

## FIRST CAUSE OF ACTION

### Wrongful Termination in Violation of Public Policy

### (Against all business entity defendants)

29. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 28 above.

30. Within the State of California and the United States of America there exists a substantial and fundamental public policy, set forth in the California Government Code §12900 et seq., and Title VII of the Civil Rights Act of 1964, 42 USC §2000e et seq. which forbids discrimination on the basis of gender and national origin, et al. Unlawful employment discrimination includes harassment and the right to be free from unwanted, offensive harassment, and the right to protest such conduct without fear of retaliation or further harm. This public policy of the state is one that benefits the public at large and guarantees the rights of an employee to perform their work free from harassment and discrimination.

31. As a proximate cause of defendants' harassment, retaliation and discrimination, and plaintiff's protests and resistance thereof, plaintiff was discharged from the plaintiff's position of employment in violation of the public policy of the State of California.

32. As a result of defendants' actions, plaintiff has suffered substantial losses in earnings and employment benefits and emotional distress in an amount to be determined according to proof at trial.

33. In doing the acts herein alleged, defendants acted with malice and oppression, and with a conscious disregard of plaintiff's rights, and plaintiff is entitled to exemplary and punitive damages from the defendants in an amount sufficient to punish defendants and to deter such wrongful conduct in the future.

## SECOND CAUSE OF ACTION

**Violation of Title VII of the Civil Rights Act of 1964, 42 USC §2000e et seq.- Discrimination**

**(Against All Business Entity Defendants)**

34. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 33 above.

35. Plaintiff, at all relevant times, had the right to work in an environment free of employment discrimination based upon the plaintiff's gender and national origin.

36. Title VII of the Civil Rights Act of 1964, 42 USC §2000e et seq. which forbids discrimination on the basis of gender and national origin, and imposes several affirmative duties in that regard upon the employer. Examples of Defendants violations of this statute, which examples are stated for representative purposes and are not intended to be exhaustive, are listed herein.

37. Defendant DRS failed to have a legitimate policy or complaint procedure regarding harassment, retaliation and discrimination. Any policy defendant may; have had was merely paper "window dressing" to present an illusion of legal compliance. In reality, it had no effect.

38. The foregoing conduct by the defendants constitutes discrimination in employment. The retaliatory unlawful termination of plaintiff's employment was based primarily upon discriminatory reasons, (gender and national origin), expressly prohibited by the anti-discrimination statutes set forth in Title VII of the Civil Rights Act of 1964, 42 USC §2000e et seq.

38. As a result of defendants' actions, plaintiff has suffered, substantial losses in earnings and employment benefits and emotional distress in an amount to be determined according to proof at trial. Plaintiff is further entitled to injunctive relief and attorney's fees and costs of suit pursuant to Title VII of the Civil Rights Act of 1964, 42 USC §2000e et seq.

39. In doing the acts herein alleged, defendant DRS acted with malice and oppression, and with a conscious disregard of plaintiff's rights, and plaintiff is entitled to exemplary and punitive damages from the defendants in an amount sufficient to punish defendants and to deter such wrongful conduct in the future.

///

///

Complaint for Damages

## THIRD CAUSE OF ACTION

**Retaliation in Violation of Title VII of the Civil Rights Act of 1964, 42 USC §2000e et seq.**

**(Against All Defendants)**

40. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 39 above.

41 Title VII of the Civil Rights Act of 1964, 42 USC §2000e et seq. forbids retaliation against any employee opposing any practices forbidden under this section. When plaintiff complained about harassment and discrimination and made known the intention to take action, plaintiff suffered retaliation by the employer and the individual defendants and was terminated from employment as alleged herein.

42. The foregoing representative conduct by the defendants constitutes unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 USC §2000e et seq.

43. As a result of defendants' actions, plaintiff has suffered substantial losses in earnings and employment benefits and emotional and mental anguish in an amount to be determined according to proof at trial. Plaintiff is further entitled to injunctive relief and attorney's fees and costs of suit pursuant to Title VII of the Civil Rights Act of 1964, 42 USC §2000e et seq.

44. In doing the acts herein alleged, defendants acted with malice and oppression and with a conscious disregard for plaintiff's rights, and plaintiff is entitled to exemplary and punitive damages from the defendants in an amount sufficient to punish defendants and to deter such wrongful conduct in the future.

## FOURTH CAUSE OF ACTION

**Sexual Harassment in Violation of**

**Title VII of the Civil Rights Act of 1964, 42 USC §2000e et seq.**

**(Against All Defendants)**

45. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 44, inclusive.

46. Plaintiff, at all relevant times, had the right to work in an environment free of employment sexual or gender-based harassment.

8

Complaint for Damages

47. Title VII of the Civil Rights Act of 1964, 42 USC §2000e et seq. forbids sexual harassment, and imposes several affirmative duties upon the employer to ensure employees are not subjected to such unlawful harassment at work. Examples of Defendants' violations of this statute, which examples are stated for representative purposes and are not intended to be exhaustive, are listed herein. The defendants directed their offensive, unwelcome misconduct toward plaintiff because of the plaintiff's gender.

48. Defendant DRS failed to have a legitimate policy or complaint procedure regarding harassment.

49. The foregoing conduct by the defendants constitutes unlawful sexual harassment, and which created a hostile, abusive and discriminatory work environment and disrupted plaintiff's emotional tranquility in the work place.

50. Defendants' conduct, as set forth and alleged herein, constitutes a violation of Title VII of the Civil Rights Act of 1964, 42 USC §2000e et seq. which prohibits sexual harassment by an employer, manager, supervisor, co-worker et al.

51 As a result of defendants' actions, plaintiff has suffered, substantial losses in earnings and employment benefits and emotional distress in an amount to be determined according to proof at trial. Plaintiff is further entitled to injunctive relief and attorney's fees and costs of suit pursuant to Title VII of the Civil Rights Act of 1964, 42 USC §2000e et seq.

52. In doing the acts herein alleged, defendants acted with malice and oppression, and with a conscious disregard of plaintiff's rights, and plaintiff is entitled to exemplary and punitive damages from the defendants in an amount sufficient to punish defendants and to deter such wrongful conduct in the future.

### FIFTH CAUSE OF ACTION
### National Origin Harassment in Violation of
### Title VII of the Civil Rights Act of 1964, 42 USC §2000e et seq.
### (Against All Defendants)

53. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 54, inclusive.

55. Plaintiff, at all relevant times, had the right to work in an environment free of employment harassment directed at the plaintiff due to the plaintiff's national origin.

56. Title VII of the Civil Rights Act of 1964, 42 USC §2000e et seq. forbids national origin harassment, and imposes several affirmative duties upon the employer to ensure employees are not subjected to such unlawful harassment at work. Examples of Defendants' violations of this statute, which examples are stated for representative purposes and are not intended to be exhaustive, are listed herein. The defendants directed their offensive, unwelcome misconduct toward plaintiff because of the plaintiff's national origin.

57. Defendant DRS failed to have a legitimate policy or complaint procedure regarding harassment.

58. The foregoing conduct by the defendants constitutes unlawful religious harassment, and which created a hostile and discriminatory work environment and disrupted plaintiff's emotional tranquility in the work place.

59. Defendants' conduct, as set forth and alleged herein, constitutes a violation of Title VII of the Civil Rights Act of 1964, 42 USC §2000e et seq. which prohibits national origin harassment by an employer, manager, supervisor, co-worker, et al.

60. As a result of defendants' actions, plaintiff has suffered, substantial losses in earnings and employment benefits and emotional distress in an amount to be determined according to proof at trial. Plaintiff is further entitled to injunctive relief and attorney's fees and costs of suit pursuant to Title VII of the Civil Rights Act of 1964, 42 USC §2000e et seq.

61. In doing the acts herein alleged, defendants acted with malice and oppression, and with a conscious disregard of plaintiff's rights, and plaintiff is entitled to exemplary and punitive damages from the defendants in an amount sufficient to punish defendants and to deter such wrongful conduct in the future.

///
///
///
///

## SIXTH CAUSE OF ACTION

### (Assault and Battery)

### (Against Defendant Grim)

62. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 61 above.

63. Defendant has engaged in non-consensual, offensive physical touching of plaintiff in violation of the statutes and common laws of the State of California. As a direct and proximate result of such assault and battery, plaintiff suffered the injuries and damages alleged above.

64. The above said act of defendant Grim constitutes assault and battery upon plaintiff; such assault and battery are a substantial but not the sole cause of damage to the plaintiff, as set forth below. Plaintiff has suffered general damages and emotional distress in an amount to be shown according to proof.

65. In doing the acts herein alleged, defendant acted with malice and oppression, and with a conscious disregard of plaintiff's rights, and plaintiff is entitled to exemplary and punitive damages from defendant in an amount sufficient to punish defendant and to deter such wrongful conduct in the future.

**WHEREFORE,** Plaintiff prays for judgment against the Defendants as follows:

(1) For compensatory and incidental damages, including but not limited to lost wages, employee benefits, emotional distress, and other special and general damages according to proof;

(2) For an award of exemplary and punitive damages sufficient to punish the Defendants and deter such future conduct in an amount commensurate with each Defendant's ability to pay, which will be shown at trial;

(3) For an award of interest, including prejudgment interest, at the legal rate;

(4) For all remedies authorized by law under Title VII of the Civil Rights Act of 1964, 42 USC §2000e et seq.;

(5) For an award of attorneys fees and costs incurred herein pursuant to Title VII of the Civil Rights Act of 1964, 42 USC §2000e et seq.;

(6) For such further relief, in law or in equity, as this court deems just and proper; and

(7) For injunctive relief, as requested above, and further prohibiting further Title VII violations of the type alleged herein.

Date:   April 6, 2010

LAW OFFICE OF DAVID A. MILLER

By _____
David A. Miller, Esq.
Law Office of David A. Miller
Attorney for Plaintiff Guadalupe Rocio Vega

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury in this case.

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
GUADALUPE ROCIO VEGA

**(b)** County of Residence of First Listed Plaintiff   **San Diego**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
David A. Miller, Esq. (SBN 140805) Law Offices of David A. Miller
555 W. Beech Street, Ste 413, San Diego, CA 92101 (619)238-8016

## DEFENDANTS
DRS TECHNOLOGIES, INC., JAY GRIM, Individually and DOES 1 through 50, inclusive

County of Residence of First Listed Defendant   Newark
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

FILED 2010 APR -6 PM 2:46
US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

'10 CV 0720 LAB POR

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury - Product Liability | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | | ☐ 710 Fair Labor Standards Act | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC Section 2000e et seq.
Brief description of cause:
Plaintiff alleges Hostile Work Environment, Retaliation, Discrimination, Battery, Harassment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 2,500,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____   DOCKET NUMBER _____

DATE 04/06/2010    SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**
RECEIPT # 1946  AMOUNT $350   APPLYING IFP   JUDGE   MAG. JUDGE

CR   AB 04-06-10

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS011946
Cashier ID: mbain
Transaction Date: 04/06/2010
Payer Name: LAW OFFICE DAVID MILLER
----------------------------------
CIVIL FILING FEE
 For: VEGA V DRS TECHNOLOGIES
 Case/Party: D-CAS-3-10-CV-000720-001
 Amount:       $350.00
----------------------------------
CHECK
 Check/Money Order Num: 4420
 Amt Tendered: $350.00
----------------------------------
Total Due:    $350.00
Total Tendered: $350.00
Change Amt:   $0.00


There will be a fee of $45.00
charged for any returned check.
```